**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LUIS FELIPE MANGUAL #39624-054 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. RWT-14-2119 |
| | | Criminal No. RWT-04-0235 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

In 2004, Petitioner, Luis Felipe Mangual, Jr., was indicted in a large, thirty-one defendant, drug conspiracy case. *See* Indictment, ECF No. 1. In the Fifth Superseding Indictment, Mangual was charged with (a) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, one kilogram or more of heroin, and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One); (b) use of a communications device in furtherance of the drug conspiracy charged in Count One in violation of 21 U.S.C. § 843(b) (Counts Two, Four, Seven, Nine through Thirteen, Sixteen, Eighteen, Nineteen, and Twenty-Three through Thirty); (c) possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841 (Counts Three, Five, Six, and Eight); possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841 (Count Fourteen); (d) interstate travel to facilitate the drug conspiracy in violation of 18 U.S.C. § 1952 (Count Twenty); (e) money laundering in violation of 18 U.S.C. § 1956 (Count Twenty-One); and (f) conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956 (Count Twenty-Two). *See* Fifth Superseding Indictment, ECF No. 723.

On March 21, 2006, prior to trial, Mangual notified the Court and Government that he would be pleading guilty to all twenty-eight counts of the Fifth Superseding Indictment in which he was charged, and without a written plea agreement. *See* Gov't Opp'n 2, ECF No. 1354; Mot. To Vacate 4, ECF No. 1311. That afternoon, the Court held a proceeding pursuant to Federal Rule of Criminal Procedure 11, at which Mangual entered his pleas. On October 25, 2006, the Court imposed a sentence of life imprisonment and ten years of supervised release on Counts One and Fourteen; forty-eight months imprisonment and one year of supervised release on Counts Two, Four, Six, Seven, Nine through Thirteen, Sixteen, Eighteen, Nineteen, and Twenty-Three through Thirty; and a sentence of two hundred and forty months imprisonment and three years of supervised release on Counts Twenty-One and Twenty-Two. *See* Judgment, ECF No. 992.

Mangual filed a timely notice of appeal to the U.S. Court of Appeals for the Fourth Circuit, and it decided the case by an unpublished opinion on May 22, 2008. *See United States v. Mangual*, 278 F. App'x 267 (4th Cir. 2008). The Fourth Circuit found no error regarding (a) this Court's calculation of the amount and type of drugs attributable to Mangual for purposes of determining his base offense level under the U.S. Sentencing Guidelines, (b) the finding that Mangual's role within the conspiracy justified a three-level enhancement under the Guidelines, (c) the imposition of a two-level enhancement for possession of a firearm in furtherance of the conspiracy, and (d) the sentence of Mangual to life in prison.   *See id*. at 269-275.   Mangual subsequently sought review by the Supreme Court of the United States, which denied certiorari. *Mangual v. United States*, 129 S. Ct. 318 (2008).

On October 6, 2009, Mangual filed his first Motion to Vacate, Set Aside or Correct his Sentence. *See* Mot. To Vacate, ECF No. 1311. In his accompanying memorandum, he raised

arguments relating to (A) issues raised on appeal, (B) ineffective assistance of counsel, and (C) insufficient evidence to support his sentence.  On August 27, 2010, the Court denied the Motion to Vacate.  ECF Nos. 1389 and 1390.  Thereafter, a Certificate of Appealability was denied.[1]  ECF Nos. 1413 and 1454.

On July 3, 2014, Mangual again sought relief by way of a Motion to Vacate.  ECF 1693. A Motion to Vacate filed pursuant to 28 U.S.C. § 2255 is presumed the proper legal process for collateral attack on a federal sentence. In his latest Motion, Mangual seeks review under § 2255, alleging that there have been intervening changes in the law based on recent Supreme Court precedent, thus eliminating the requirement of first obtaining authorization from the Fourth Circuit pursuant to 28 U.S.C. § 2255(f)(3).[2]

Preliminarily, this Court must determine whether Mangual's § 2255 motion should be permitted to proceed initially in this Court, or would automatically be deemed a "second" or "successive" petition under § 2255(h) that requires appellate authorization.  That provision states that:

> A second or successive motion must be certified as provided in section 2244[3] by a panel of the appropriate court of appeals to

---

[1] The mandate issued on June 20, 2011.  ECF No. 1461.

[2] This section provides the limitations period run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[3] Section 2244 provides, in relevant part, that:

(a)  no circuit of district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Footnote Continued On Next Page

contain –

>    (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>    (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Although unclear, Mangual's decision to file his § 2255 motion in this Court may be premised on the recent Fourth Circuit decision in *United States v. Hairston,* 2014 WL 2600056 (4th Circuit) (June 11, 2014).  Hairston's initial § 2255 petition was denied within a year of his 2003 conviction and sentence.  In 2011, a state court conviction used to calculate his criminal history category under the U.S. Sentencing Guidelines was vacated.  Hairston then filed a § 2255 motion to vacate in the district court, which dismissed it as an unauthorized second or successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

---

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

>    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A Certificate of Appealability was issued on the question of whether Hairston's numerically second Motion to Vacate was a "second or successive" petition under § 2255(h) requiring prior authorization of the Court of Appeals, where the basis for his claim did not arise until after the district court denied his first § 2255 motion. The Fourth Circuit, citing its own precedent and the reasoning of the Tenth and Eleventh Circuits, concluded that it was not barred as a second or successive petition, finding that:

> "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams,* 444 F.3d 233, 235 (4th Cir. 2006) (§ 2254 case); *see also Panetti v. Quarterman,* 551 U.S. 930, 942-47, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (holding that a numerically second § 2254 habeas petition is not a governed by the strictures of § 2244(b)(2) on second or successive petitions where the claim was not ripe at the time of the initial petition). Indeed, we have allowed a numerically second § 2255 motion where the claim arose at a resentencing hearing afforded to a movant as a result of his first § 2255 motion. *In re Taylor,* 171 F.3d 185m 187-88 (4th Cir. 1999). There, we acknowledged that "a claim which did not arise until after a prior petition was filed" should not be "barred as 'second or successive.'" *Id.* at 187.

*Hairston,* ___ F.3d ____, 2014 WL 260005 *4.

Mangual claims he is entitled to review of the instant Motion without appellate authorization due to an intervening change in the law based on the decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151, 2155 (June 17, 2013).[4] Although *Alleyne* was not made retroactive,[5] Mangual claims its holding entitles him to relief, because he properly preserved the

---

[4] Mangual's Motion to Vacate appears to be dated June 19, 2014. It is arguable that it may be time-barred, as it appears to be filed two days beyond the June 17, 2013, decision in *Alleyne.*

[5] *See, e.g., Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne,* 733 F.3d 1027, 1032 (10th Cir. 2013); *United States v. Redd,* 735 F.3d 88, 92 (2d Cir. 2013); *Johnson v. United States,* 2014 WL 470077 at *5 (D. Md. Feb. 4, 2014) ("[Alleyne] likely does not apply retroactively on collateral review.").

issues of drug type and quantity, enhancement for his leadership role, and possession of a gun by a co-defendant on appeal.  ECF 1693-1, pp. 1-2.

*Alleyne* involved the issue of whether a judge had improperly decided an issue of fact more properly in the province of the jury, thus violating the Sixth Amendment.  The right to trial by an impartial jury requires, in conjunction with the Due Process Clause, "that each element of a crime be proved to the jury beyond a reasonable doubt."  *Alleyne*, 133 S. Ct. at 2156.  In the case of *Alleyne*, the Supreme Court found that the sentencing range supported by the jury's verdict was five years' imprisonment to life, but the judge, rather than the jury, decided an aggravating factor which increased the mandatory minimum from five years to seven years. *Id*. at 2163.

The same logic applies in a case where, as here, the conviction is based on a guilty plea. If a fact not admitted by a defendant in his guilty plea is used by a judge to increase a mandatory minimum, an *Alleyne* violation results.  *United States v. Bradley*, 2014 WL 3953964 at *3 (error found where a threshold drug quantity necessary for an enhanced mandatory minimum was "neither alleged in the indictment nor admitted . . . in connection with his guilty plea.").

Even if Mangual's petition were not subject to dismissal as being an unauthorized second or successive motion, it is devoid of any factual merit whatsoever because the decision in *Alleyne*, even if applied retroactively, provides no basis for relief.

On March 21, 2006, the Government filed a notice of its intention to seek enhanced penalties pursuant 21 U.S.C. § 851, and Mangual then entered his plea of guilty without the benefit of a plea agreement.  The life sentence that he received was not the result of any enhanced mandatory minimum found by the Court, and without the benefit of a finding by the jury or an admission by Mangual.  Having previously been convicted of a felony drug offense,

his potential punishment under Count One of the Indictment (which alleged conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine) based solely on the language of the Indictment itself was not less than twenty years nor more than life.[6] Mangual vigorously disputed the amounts of drugs in *excess of* five kilograms of cocaine at sentencing and in his direct appeal to the Fourth Circuit.  However, those determinations did not affect the mandatory minimum, were all made within the context of the advisory sentencing guidelines, and were upheld by the Fourth Circuit.  Accordingly, there is simply no factual basis whatsoever for any contention that the Court made a determination of fact that was not well within the scope of his admission when Mangual pled guilty to Count One of the Fifth Superseding Indictment.  Thus, Mangual's Motion to Vacate is not only a second or successive motion, prohibited unless authorized by a court of appeals, but also it is devoid of any merit whatsoever.  Application of the holding in *Alleyne* would, in any event, be of no avail to Mangual.

A separate Order shall be entered denying his Motion to Vacate and denying a Certificate of Appealability.


September 19, 2014                                                    _____/s/_____

                                                                         ROGER W. TITUS
                                                                  UNITED STATES DISTRICT JUDGE

---

[6] When he entered his guilty plea, Mangual acknowledged that his potential punishment on Count One was "a minimum mandatory term of 20 years and a maximum of life in prison."  ECF No. 917-2, p. 10, lines 20-21.  His counsel also stated that "we agree that there is a factual basis that Mr. Mangual was involved in a conspiracy to distribute more than five kilograms of cocaine."  Id. at p. 53, line 25 – p. 54, lines 1-2.  Mangual's counsel in his Sentencing Memorandum noted on page 1 that his "statutory sentencing exposure, pursuant to the counts of conviction, are as follows: Counts One and Fourteen, a minimum term of imprisonment of twenty years to a maximum term of life imprisonment per count."  ECF No. 975, p. 1.