```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                  :
UNITED STATES OF AMERICA
                                  :
     v.                           :   Criminal No. DKC 04-235-002
                                  :
LUIS FELIPE MANGUAL, JR.
                                  :
```

**MEMORANDUM OPINION**

Luis Felipe Mangual, Jr., initially sentenced to life in prison, is currently serving a 480-month sentence for his conviction for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 1 kilogram or more of heroin, and 50 grams or more of cocaine base.  He is serving concurrent sentences on other convictions as well, including possession with intent to distribute 5 kilograms or more of cocaine in count fourteen.  Ten years of supervised release is to follow. He seeks a reduction to 240 months imprisonment on counts one and fourteen pursuant to Section 404 of the First Step Act.  He asserts that such a reduction would make him eligible for release in June, 2021 (or immediate release).  (ECF No. 2022).  The Government opposes the request.  (ECF No. 2032).  Mr. Mangual filed a reply and a supplement.  (ECF Nos. 2035, 2053).  For the following reasons, the motion will be GRANTED.

Mr. Mangual was sentenced initially on October 25, 2006, for conduct occurring in June, 2004.  The Fair Sentencing Act of 2010

was signed into law on August 3, 2010. It did not apply to those sentenced before its effective date. The First Step Act was adopted in 2018, and provides that, notwithstanding *Dorsey v. United States,* 567 U.S. 260 (2102), certain persons may seek a retroactively reduced sentence. Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010. There are limitations, however, outlined in Section 404(c):

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession. In *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit concluded that a person is eligible if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(A)(iii) or (B)(iii). In *United States v.*

2

*Gravatt*, 953 F.3d 258, 262-64 (4th Cir. 2020), the Fourth Circuit held that a defendant remains eligible under the Act even if the conspiracy for which he was convicted encompassed distribution of both cocaine powder and crack cocaine. In *Terry v. United States*, 141 S.Ct. 1858, 1862-63 (2021), confirmed that those convicted of offenses that do not trigger any mandatory minimum are ineligible for consideration.

    The process is straightforward:

> In [*United States v.*] *Lancaster*, [997 F.3d 171 (4th Cir. 2021)] 2021 WL 1823287, the Fourth Circuit further clarified how a district court should proceed when presented with a motion to reduce a sentence under § 404 of the First Step Act. First, the court must determine whether the sentence is "'eligible' for consideration 'on the merits.'" *Id*. at *3 (quoting *Gravatt*, 953 F.3d at 262). The sentence will be eligible for consideration if it is for a "covered offense"; the motion is addressed to the court that imposed the subject sentence; and the sentence has not "been 'previously imposed or previously reduced' under the Fair Sentencing Act." *Id*. Upon "determining that a sentence qualifies for review on the merits, the court is then given discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed." *Id*. To make that determination, "the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law'...and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a)." *Id*. (citing [*United States v.*] *Collington*, 995 F.3d [347 (4th Cir. 2021)] at 355; [*United States v.*] *Chambers*, 956 F.3d [667 (4th Cir. 2020)] at 672).

*Babb v. United States*, No. CR ELH-04-0190, 2021 WL 2315459, at *10 (D. Md. June 4, 2021).

    Mr. Mangual is eligible for consideration under the First Step Act under *Wirsing* and *Gravatt*, as the Government somewhat

3

grudgingly acknowledges.  It opposes any discretionary relief, however, based primarily on the very large quantities of cocaine and heroin attributed to him.  The Government also relies on a co-defendant's conviction for possession of a firearm, and his own prior conviction for a controlled substance offense.  Mr. Mangual, on the other hand, emphasizes that his current 40 year sentence exceeds sentences imposed on others even more culpable than he, that the sentence is out of step with sentences imposed today for similar conduct, and that he has demonstrated outstanding conduct during his time in the Bureau of Prisons.  Even while facing the initial life sentence, Mr. Mangual comported himself well in the BOP, has completed many educational, vocational, and therapeutic programs, has worked, and expresses remorse for his conduct.  While the undersigned was not the initial trial judge in this large conspiracy case, the many motions filed and considered since the case was transferred in 2019 have provided an opportunity to become familiar with many of the co-defendants and their respective roles and resulting sentences.  As noted by counsel, several of them have had their sentences reduced so that the 40-year sentence for Mr. Mangual is clearly disparate.  Furthermore, the sentencing landscape has changed, certainly with regard to statutes and guidelines, and possibly as to sentencing policies of the government.  The sentence in this case was influenced by the filing of the § 851 notice, increasing the mandatory minimum to 20 years.

4

In any event, he has already served, with good time credits, that long.

The criminal conduct in this case was certainly egregious and highly damaging to the community.  Lengthy sentences were imposed, including life imprisonment, with the sentencing judge remarking that those sentences were deserved.  That judge only reduced Mr. Mangual's sentence to 40-years, declining the opportunity to reduce it to 360-months, the bottom of the new guidelines.  Nevertheless, the undersigned concludes that circumstances now warrant further reduction to time served, plus 14-days for transition planning.  Mr. Mangual's conduct while incarcerated, it is expected, bodes well for his conduct upon release.

A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge